**No. 61663.**—D. Hauser, Inc. v. United States, protest 222064–K (New York).

Opinion by JOHNSON, J. At the trial, the official papers and the collector's letter of transmittal were received in evidence, and it was stipulated that the facts set forth therein were true and correct. From the official papers, it appeared that a shipment of merchandise was entered for warehouse on October 27, 1950, and portions were thereafter withdrawn. The collector's memorandum stated "Following WH. record of withdrawal prior to TD 52559 1/1/51 the merchandise would now be properly classified at 5¢ doz. & 25% under paragraph 211 of the Tariff Act of 1930," and contained a notation "As to cases 1029/1035." The invoice covering cases 1029 through 1035 bears a stamped notation "EARTHEN-WARE, body is not artificially colored and is composed wholly of clay, ornamented, or decorated. 5¢ doz. pcs. & 25% Par. 211. T. D. 50797." On the record presented, the claim of the plaintiff was sustained.

**No. 61664.**—Erlanger Textile Corp. et al. v. United States, protests 304099–K, etc. (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise, facts, and issues are the same in all material respects as those the subject of R. J. Saunders & Co., Inc. v. United States (37 Cust. Ct. 267, C. D. 1834), the collector was directed to reliquidate the entries, assessing duty upon the basis of the unit appraised value per conditioned pound or kilo, multiplied by the total number of conditioned pounds or kilos in each shipment.